UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| SHELBYVILLE ROAD SHOPPES, LLC ) | | CASE NO. 11-30124 |
| ) | | CHAPTER 7 |
| Debtor ) | | |

| | | |
|---|---|---|
| WILLIAM W. LAWRENCE AS ) | | |
| TRUSTEE FOR THE ESTATE OF ) | | |
| SHELBYVILLE ROAD SHOPPES, LLC ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | | ADV NO.: 12-3049 |
| ) | | |
| THE COMMONWEALTH OF ) | | |
| KENTUCKY TRANSPORTATION ) | | |
| CABINET ) | | |
| Defendant ) | | |

## MEMORANDUM

This matter comes before the Court on the Defendant Kentucky Transportation Cabinet's ("Cabinet") Motion for Partial Judgment on the Pleadings (Docket # 31). The Plaintiff, William Lawrence, the Chapter 7 Trustee for the Estate of Shelbyville Road Shoppes, LLC ("Trustee") has responded (Docket # 38) and the Cabinet has replied to the response (Docket # 43). This matter is now ripe for adjudication. For the following reasons, the Cabinet's Motion for Partial Judgment on the Pleadings is GRANTED in part and DENIED in part.

### BACKGROUND

On July 18, 2007, a Purchase Agreement – Public Sale (the "Purchase Agreement") was entered into between Eagle Development, LLC ("Eagle"), assignor of the Debtor, Shelbyville Road Shoppes, LLC (the "Debtor"), and the Cabinet whereby Eagle agreed to pay the sum of $4,812,874.65 to purchase certain property owned by the Cabinet. Pursuant to the Purchase

Agreement, Eagle paid a non-refundable down-payment deposit to the Cabinet in the sum of $962,574.93 (the "Deposit"). The Purchase Agreement was assigned to the Debtor on August 7, 2007.

The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code, on January 11, 2011, and the Trustee was appointed as Chapter 7 Trustee for the Bankruptcy Estate. The Trustee has made demand that the Cabinet return the Deposit to the Bankruptcy Estate. To date, the Cabinet has not refunded the Deposit.

On May 23, 2012, the Trustee initiated this Adversary Proceeding alleging causes of action against the Cabinet on four separate theories: Count I – Turnover of Property to the Estate pursuant to 11 U.S.C. §§ 541 and 542; Count II – Fraud in the Inducement; Count III – Breach of Contract; and Count IV – Unenforceable Penalty. In the Prayer for Relief, the Trustee seeks a return of the Deposit and that the Cabinet's claim be determined as zero. The Trustee also seeks attorney's fees, interest on the Deposit, and an award of punitive damages.

On June 20, 2012, the Cabinet filed its answer to the complaint. The answer asserts numerous defenses, including that the causes of action are barred by the doctrine of sovereign immunity and that the Trustee's causes of action are barred by the Eleventh Amendment to the United States Constitution.

The Cabinet has now moved for Partial Judgment on the Pleadings arguing that it is immune from suit on the Trustee's Count II (Fraud in the Inducement), Count III (Breach of Contract), and Count IV (Unenforceable Penalty).[1] The Cabinet contends it is entitled to a Partial Judgment on the

---

[1] This Motion for Partial Judgment on the Pleadings does NOT seek a judgment on Count I of the Trustee's complaint, the Count seeking turnover pursuant to 11 U.S.C. §§ 541 and 542.

Pleading with respect to these specific Counts and seeks dismissal of these specific Counts. The Cabinet also contends that the Trustee is not entitled to a recovery of interest on the Deposit and that the Trustee is barred, as a matter of law, from being awarded punitive damages against the Cabinet.

## STANDARD

Motions for judgment on the pleadings are brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which is made applicable to Bankruptcy Proceedings via Fed. R. Bankr. P. 7012. These motions are adjudicated using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6). JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir.2007). Thus, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to a judgment." S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973); see Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir.1998).

## DISCUSSION

In his complaint, the Trustee alleged state-law claims against the Cabinet for fraudulent inducement, breach of contract, and unenforceable penalty (Counts II - IV). In particular, the Trustee alleged that Cabinet fraudulently induced the Debtor to enter into the Purchase Agreement or, in the alternative, recklessly did so by entering into a contract to sell the Debtor property in which the Cabinet allegedly concealed its decades-long use of the property as a dump site. The Trustee further contends the Cabinet took actions effectively preventing the Debtor from closing on its financing to purchase the property. Specifically, the Trustee contends the Cabinet chose not to complete road improvements, even though such improvements were a prerequisite to the Debtor obtaining financing with its lender.

As stated above, the Cabinet has now moved for a Partial Judgment on the Pleadings. Specifically, the Cabinet contends the Trustee's state law causes of action are barred by the doctrine of sovereign immunity. This Court agrees. The Eleventh Amendment prohibits federal courts from adjudicating state law claims filed against a state in federal court. Ernst v. Rising, 427 F.3d 351, 368 (6th Cir. 2005); see Pennhurst State Schedule. & Hosp. v. Halderman, 465 U.S. 89, 106, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). There can be no question that the Kentucky Transportation Cabinet is an instrumentality of the State of Kentucky ("State") and is entitled to the protection of the Eleventh Amendment.

Therefore, absent a clear waiver of immunity by the State to suit in federal court, the Trustee's state law claims against the Cabinet must be dismissed. See Sossamon v. Texas, ––– U.S. ––––, 131 S.Ct. 1651, 1657–1658, 179 L.Ed.2d 700 (2011) (state's waiver of immunity from federal-court jurisdiction will not be implied, but instead requires an unequivocal expression by the state). Moreover, any waiver must be "unequivocally expressed," Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999) (citing Lane v. Pena, 518 U.S. 187, 192-93, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)), and "must be strictly construed in favor of the sovereign," Orff v. United States, 545 U.S. 596, ----, 125 S.Ct. 2606, 2610, 162 L.Ed.2d 544 (2005), with ambiguities construed against waiver. United States v. Williams, 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).

The Trustee contends that the State has specifically waived the defense of sovereign immunity when an agency of the State has entered into a contract with a person. The Trustee recites KRS 45A.245. Subsection one of that statute provides:

> Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth at the time of or after June 21,

4

> 1974, may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both. <u>Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury.</u> All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth.

KRS45A.245 (emphasis added). [2] This statute outlines the scope of the State's waiver of sovereign immunity based on contractual relations.

    Here, while the State has waived its immunity for claims pertaining to written contracts, it has done so only for actions brought in Franklin County Circuit Court. KRS § 45A.245(1). Section 45A.245(1) provides a limited waiver of sovereign immunity for claims related to lawfully authorized written contracts. However, while the statute does provide a waiver of sovereign immunity for contract actions, the statute confers exclusive jurisdiction for such actions against the State in the Franklin Circuit Court. As such, the Cabinet is immune from suit in this Court. <u>Mattingly v. University of Louisville</u>, 2006 WL 2178032 (W.D. Ky. 2006).

    While the Trustee may bring suit against the Cabinet for written contract claims, the Trustee must abide by the process approved by the State in order to bring the claim. Accordingly, these claims against the Cabinet must be brought by the Trustee in Franklin Circuit Court. <u>Tyler v. University of Louisville</u>, 2006 WL 3412273 (W.D. Ky. 2006). Since the State has not waived its sovereign immunity for contract actions brought in federal court, the Trustee's claim for fraudulent

---

[2] The Court notes that counsel for the Trustee omitted in his brief the section from the statute providing that any actions against the State must be brought before the Franklin Circuit Court. Such a glaring omission from Trustee's counsel is somewhat troubling and borders on a violation of Rule 9011 and the Rules of ethical conduct. The Court will attribute the omission as mere oversight, but counsel is put on notice that the intentional misleading of a court is grounds for sanctions.

inducement, breach of contract, and unenforceable penalty must be dismissed. See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) ("[A] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation.").

Moreover, even if the Court could consider KRS § 45A.245(1) a waiver to proceed in this Court, the State's waiver of sovereign immunity applies only to actions "on the contract." The Trustee has plead that the Cabinet fraudulently induced the Debtor to enter into this contract. This claim is not "on the contract" as contemplated in KRS § 45A.245. Rather it is a tort-like claim for which the State has not waived its sovereign immunity. While the State has waived its immunity on claims concerning contractual provisions it negotiated, it has not waived its immunity over claims arising outside the four corners of the contract. Actions based upon conduct outside the contract may be more appropriately characterized as a tort. Lillard v. University of Louisville, 2012 WL 5878715 (W.D. Ky. 2012).

Fraudulent inducement has been defined as "conduct prior to striking the express or implied contract and alleges that one party tricked the other into contracting. It is based on pre-contractual conduct which is, under the law, a recognized tort." Becherer v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 193 F.3d 415, 439 (6th Cir. 1999). In entering into a contract, the State has not waived its sovereign immunity for its alleged tortious conduct performed prior to the establishment of the contractual relationship. The Trustee has not pointed to any waiver by the State of its immunity to suit in federal court for tort claims. Thus, the Cabinet is entitled to sovereign immunity for the Trustee's fraud claim. Campbell v. University of Louisville, 862 F. Supp. 2d 578 (W.D. Ky. 2012). See also Jackson v. Murray State University, 834 F. Supp. 2d 609, 612, (W.D. Ky. 2011) (tort claims

6

against state university and its officials dismissed on sovereign immunity grounds).

This takes the Court to the Cabinet's request for a Partial Judgment on the Pleadings with respect to the two items listed in the Trustee's Prayer in his complaint. As stated above, in addition to seeking a return of the Deposit, the Trustee also requested interest on the Deposit, and an award of punitive damages. The Cabinet also seeks a judgment on these two specific forms of relief. The Court will address the request for punitive damages first.

In 11 U.S.C. § 106(a), Congress abrogated sovereign immunity for many of the sections of the Bankruptcy Code, including section § 542 (turnover). Such abrogation, however, was not without limit. Subsection (a)(3) of that section authorizes a court to issue "against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but <u>not including an award of punitive damages</u>." 11 U.S.C. § 106(a)(3)(emphasis added).

The Trustee does not address this argument in his Response to the Motion for Partial Judgment on the Pleadings, and in light of the specific language in § 106(a)(3), the Court must conclude that the Trustee's claim for punitive damages is barred and the Cabinet is entitled to a judgment on this issue. <u>In re Taylor</u>, 252 B.R. 201 (Bankr. N.D. Ala. 2000).

The Court now turns to the issue of interest on the Deposit. The Court is not certain if the Trustee is seeking interest via his §542 claim, or if he is seeking interest via his state law claims. [3] In either event, as the law is somewhat unsettled on this issue, the Court will withhold ruling on this specific issue. An Order accompanying this Memorandum will be entered this same date.

---

[3] The Cabinet references interest with respect to the § 542 claim, while the Trustee's response centers around interest with respect to claims under KRS § 45A.245.

7

*/s/ Alan C. Stout*
Alan C. Stout
United States Bankruptcy Judge
Dated: February 20, 2013

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| SHELBYVILLE ROAD SHOPPES, LLC ) | | CASE NO. 11-30124 |
| ) | | CHAPTER 7 |
| Debtor ) | | |
| | | |
| WILLIAM W. LAWRENCE AS ) | | ADV NO.: 12-3049 |
| TRUSTEE FOR THE ESTATE OF ) | | |
| SHELBYVILLE ROAD SHOPPES, LLC ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| THE COMMONWEALTH OF ) | | |
| KENTUCKY TRANSPORTATION ) | | |
| CABINET ) | | |
| Defendant ) | | |

## **ORDER**

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Motion for Partial Judgment on the Pleadings filed by the Defendant, Commonwealth of Kentucky, Transportation Cabinet (the "Cabinet") is **PARTIALLY GRANTED** in that the Trustee's causes of action based upon Fraud in the Inducement (Count II), Breach of Contract (Count III), and Unenforceable Penalty (Count IV) in the Complaint are hereby dismissed with prejudice pursuant to the Cabinet's sovereign immunity for adjudication of those claims herein.

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 106(a)(3) the Trustee is barred from recovery of punitive damages in this action.

**IT IS FURTHER ORDERED** that the Cabinet's Motion for Partial Judgment on the

8

Pleadings with respect to any interest on the property that is the subject matter of this action is **DENIED**. The Court may reconsider this issue as this adversary proceeding progresses.

There being no just reason for delay this is a final and appealable Order.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: February 20, 2013