UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: )<br>SHELBYVILLE ROAD SHOPPES, LLC )<br>)<br>Debtor ) | | CASE NO. 11-30124<br>CHAPTER 7 |
| WILLIAM W. LAWRENCE AS )<br>TRUSTEE FOR THE ESTATE OF )<br>SHELBYVILLE ROAD SHOPPES, LLC )<br>Plaintiff )<br>)<br>v. )<br>)<br>THE COMMONWEALTH OF )<br>KENTUCKY TRANSPORTATION )<br>CABINET )<br>Defendant ) | | ADV NO.: 12-3049 |

## **MEMORANDUM**

This matter comes before the Court on the Motion for Partial Summary Judgment (Docket No. 14) filed by the Plaintiff, William Lawrence, the Chapter 7 Trustee for the Estate of Shelbyville Road Shoppes, LLC (the "Trustee"). The Commonwealth of Kentucky Transportation Cabinet (the "Cabinet") has responded (Docket No. 45) and the Trustee has replied to the response (Docket No. 47). This matter is now ripe for adjudication. For the following reasons, the Trustee's Motion for Partial Summary Judgment will be denied.

### **JURISDICTION**

Determinations for turnover of property of the estate are core proceedings under 28 U.S.C. § 157(b)(2)(E). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a).

### **FACTUAL AND PROCEDURAL BACKGROUND**

On July 18, 2007, a Purchase Agreement – Public Sale (the "Purchase Agreement") was entered into between Eagle Development, LLC ("Eagle"), assignor of the Debtor, Shelbyville Road Shoppes, LLC (the "Debtor"), and the Cabinet whereby Eagle agreed to pay the sum of

$4,812,874.65 to purchase certain property owned by the Cabinet. Pursuant to the Purchase Agreement, Eagle paid a non-refundable down-payment deposit to the Cabinet in the sum of $962,574.93 (the "Deposit"). The Purchase Agreement was assigned to the Debtor on August 7, 2007.

The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code, on January 11, 2011, and the Trustee was appointed as Chapter 7 Trustee for the Bankruptcy Estate. The Trustee has made demand that the Cabinet return the Deposit to the Bankruptcy Estate. To date, the Cabinet has refused to return the Deposit to the Trustee.

On May 23, 2012, the Trustee initiated this Adversary Proceeding alleging causes of action against the Cabinet on four separate theories: Count I – Turnover of Property to the Estate pursuant to 11 U.S.C. §§ 541 and 542; Count II – Fraud in the Inducement; Count III – Breach of Contract; and Count IV – Unenforceable Penalty. In the Prayer for Relief, the Trustee sought a return of the Deposit and that the Cabinet's claim be determined as zero. The Trustee also sought attorney's fees, interest on the Deposit, and an award of punitive damages.

On June 20, 2012, the Cabinet filed its answer to the complaint. The answer asserted numerous defenses, including that the causes of action are barred by the doctrine of sovereign immunity and that the Trustee's causes of action are barred by the Eleventh Amendment to the United States Constitution.

On October 17, 2012, the Cabinet moved for partial judgment on the pleadings. The Cabinet sought a judgment as to Counts II - IV. The Trustee opposed the motion. Upon consideration of the motion, the response, and the applicable law, on February 21, 2013, the Court entered an Order granting the motion for partial judgment on the pleadings. With the resolution of Counts II - IV, the only remaining allegations are contained in Count I (turnover). The Trustee has now moved for Partial Summary Judgment with respect to that Count. The Trustee seeks a judgment 1) ordering the Cabinet to turnover the Deposit as property of the Bankruptcy Estate; 2) allowing the Cabinet, as an unsecured creditor, the opportunity to seek a determination and allowance of its claim for

damages against the Debtor, if any, as of the day immediately before the date of the filing of the Petition; and (3) declaring as void as an unenforceable penalty the contract provision providing for forfeiture of the Deposit.[1]

The Cabinet responded that the Deposit is not property of the estate, and thus, it is not subject to turnover under § 542 of the Bankruptcy Code. The Cabinet contends the Trustee takes no greater interest in the Deposit than the Debtor, and under state law, the Debtor did not have the right to possess the Deposit. Consequently, the Cabinet contends the Trustee does not have the right to compel turnover of the Deposit. Finally, the Cabinet contends that the deemed rejection of the purchase agreement, an executory contract, does not permit the Trustee to unwind the pre-petition performance and rescind the Purchase Agreement.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the Court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." Jones v. Union County, 296 F.3d 417, 423 (6th Cir. 2002). See generally Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts <u>supported by affidavits, or by depositions, answers to interrogatories, and admissions on file</u> that show there is a genuine issue for trial." Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997) (emphasis added). In determining the

---

[1] The Trustee's request for a determination declaring as void as an unenforceable penalty the contract provision providing for forfeiture of the Deposit was the allegation contained in Count IV of the complaint and addressed in the Motion for Partial Judgment on the Pleadings.

existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. Tennessee Dep't of Mental Health & Mental Retardation v. Paul B., 88 F.3d 1466, 1472 (6th Cir. 1996). Absent such evidence from the nonmoving party in a motion for summary judgment, the Court need not comb the entire record to determine if any of the available evidence could be construed in such a light. See In re Morris, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact").

## DISCUSSION

This is a turnover action pursuant to 11 U.S.C. § 542. There is only one discernible issue with regard to liability under this statute: whether the Deposit constitutes property of the estate under Bankruptcy Code § 541 as of January 11, 2011, the date the Debtor filed its bankruptcy petition.

The Trustee brings his Complaint for "Turnover of the Deposit to the Estate" under §§ 541 and 542. (Doc. No. 1). Subsection (a) of § 542 provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Subject to some limitations, by its very terms, § 542(a) allows a trustee to obtain the turnover of any property which can be used, sold, or leased or which the debtor can claim as exempt. Pursuant to § 363(b)(1), a trustee can only use, sell, or lease property of the estate. Under § 522(b)(1), a debtor may only exempt property of the estate. Section 541 defines property of the estate as being comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."

Section 542 is dependent upon § 363 and § 522, while these two sections are dependent upon § 541 for its definition of property of the estate. "Thus, although not specifically stated in § 542, fundamental to the concept of [turnover] is that the asset to be turned over must be property of the

4

debtor's bankruptcy estate." In re Coomer, 375 B.R. 800, 803-804 (Bankr. N.D. Ohio 2007) (citing In re Sims, 278 B.R. 457, 475 (Bankr. E.D. Tenn. 2002).

The Trustee correctly notes that property of the estate under the Bankruptcy Code should be defined broadly. United States v. Whiting Pools, Inc., 462 U.S. 198, 204, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983) (observing that "Congress intended a broad range of property to be included in the estate" because "reorganization ... would have small chance of success ... if property essential to running the business were excluded from the estate")). Section 541 fixes property of the estate as of the date of filing. In re Seafort, 669 F.3d 662 (6th Cir. 2012).

Under § 541(a), the determination as to whether a debtor's interest in property constitutes estate property is a question of federal law. However, state law controls what interest, if any, a debtor actually has in property. In re Greer, 242 B.R. 389, 394 (Bankr. N.D. Ohio 1999) citing Butner v. United States, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). After the state law determination is made, "federal bankruptcy law [then] dictates to what extent that interest is property of the estate." In re Thomas, 883 F.2d 991, 995 (11th Cir. 1989).

The Trustee is attempting to reacquire these funds on behalf of the Debtor's bankruptcy estate. He asserts that the Debtor's interest in the Deposit is sufficient to characterize the Deposit as property of the estate and thus subject to turnover under § 542. The Cabinet, on the other hand, maintains that the Debtor's interest in the Deposit did not include a possessory interest, that the Trustee acquires no greater interest in property than the Debtor, and thus, since the Debtor did not have the right to possess the Deposit, the Trustee may not reacquire these funds on behalf of the estate.

Upon consideration of these theories, the Court finds that the Cabinet's position is better supported by the law. Upon examination of the Purchase Agreement and applicable Kentucky law,

the Court must conclude that the Deposit itself is not property of the estate. Section 541(a) "specifies that the estate is comprised of only the debtor's "*interest*" in property, not the actual property. This distinction is more than just academic." Coomer at 804 (emphasis added).

Section 541 cannot be used to expand the debtor's rights in property. It cannot grant the debtor or a trustee, who stands in the debtor's shoes, more rights in property than it would have possessed under state law. A basic tenet of bankruptcy law is that a bankruptcy trustee succeeds only to the title and rights in property that the debtor had at the time she filed the bankruptcy petition. In re Lyons, 957 F.2d 444 (7th Cir. 1992). A "trustee takes the property subject to the same restrictions that existed at the commencement of the case. To the extent an interest is limited in the hands of a debtor, it is equally limited as property of the estate." In re Sanders, 969 F.2d 591, 593 (7th Cir. 1992) (citations and quotations omitted). Section 542 "cannot be used to broaden the trustee's interest in the refund . . . or in any other estate property." In re Graves, 609 F.3d 1153 (10th Cir. 2010). This express limitation on a trustee's rights in property of the estate has been referred to as "[o]ne of the central precepts of bankruptcy law." Weinman v. Graves, 609 F.3d 1153, 1156 (10th Cir. 2010).

The Lyons case involved a debtor's accumulated contributions in the State Employees' Retirement System. Employees of the State of Illinois were required to participate in the program with mandatory contributions deducted from wages. Employees were allowed to withdraw their contributions only upon termination of employment, retirement or disability. Lyons, 957 F.2d at 445. The Chapter 7 trustee filed a complaint in the bankruptcy court pursuant to § 542 seeking turnover of the debtor's contributions. The Seventh Circuit held that the trustee could not compel turnover of the debtor's contributions because, until her termination of employment, retirement or disability, the debtor had no present right to withdraw those contributions. "Even if Lyons' contributions to SERS are property of her estate, she has no right to a distribution of the funds until her termination of employment, retirement or disability. Therefore, because Lyons has no present right to withdraw her contributions, neither does the Trustee." Id. at 445-46.

In this case, like in the Lyons case, the Debtor has no present right to have the Deposit refunded. Under state law, pursuant to the contract, the Debtor's rights in the Deposit were limited to two options: (1) it would either be applied to the purchase price balance at the closing on the Property (which cannot happen now due to the Trustee's rejection of the contract); or, (2) it would "be forfeited to the Seller as liquidated damages is (sic) the Purchaser fails to consummate this sales transaction as agreed herein." The contractual language in Purchase Agreement is unambiguous and unequivocal. The Trustee has not pointed to any law, nor has the Court found any law, that would allow the Debtor to recover and regain possession of these funds under state law. Simply stated, there is no provision in the Purchase Agreement or under state law authorizing the Debtor to regain possession. This same restriction also applies to the Trustee.

In United States v. Neary (In re Armstrong), 206 F.3d 465, 472 (5th Cir. 2000), the Fifth Circuit also addressed § 542 issues. That court held that § 542(a) could not be used to avoid a statute of limitations contained in a tax refund statute. The Fifth Circuit stated that "[b]ecause that right [to a refund] is created and circumscribed by [statute] and nothing explicitly changes its terms, § 542(a) cannot be read to expand the right to file for a refund to give the trustee unlimited time so long as the bankruptcy continues," id. at 472. Moreover, "[b]ecause the debtor does not have a continuing interest in the tax overpayment under § 541(a)(1), other than that created by [the refund statute], *the trustee cannot use § 542(a) to create interests not otherwise in existence.*" Id. at n. 6 (emphasis added).

Similarly, in In re Coomer, 375 B.R. 800 (Bankr. N.D. Ohio 2007), the trustee attempted to secure turnover of the debtor's interest in a residential security deposit. In rejecting the trustee's contention that § 542(a) gave him a substantive right to the deposit, the court stated:

> Section 542(a) is best viewed as an enabling provision, allowing the trustee to obtain possession of property only where the debtor otherwise had a right to possess the property. But where a debtor, and thus the trustee, does not have a right to possess or use property at the commencement of the case, the right generally cannot be acquired through a turnover action under § 542(a). That is, a bankruptcy trustee may not compel the turnover of property pursuant to § 542(a) if the debtor had no right to obtain the property.

Id. at 806 (citation omitted).

Like the trustee in the Coomer case, the Trustee here seemingly argues that, despite his *limited* interest in the Deposit, § 542(a) provides him a substantive right to the security deposit. The Trustee takes the position that any interest is sufficient to require a turnover of the Deposit. However, like the trustee in Coomer, the Trustee's position is misplaced. In this case, at no time during the case up to the filing of the turnover action, did the Debtor have the right to obtain the Deposit, and thus, the Trustee cannot now compel turnover of the Deposit from the Cabinet. See also In re Lauria, 243 B.R. 705, 709 (Bankr. N.D. Ill. 2000) ("if the debtor does not have the right to possess or use the property at the commencement of a case, a turnover action cannot be used to acquire such rights.").

At the hearing on the Trustee's motion, the Trustee tried to distinguish Coomer by stating that the deposit in that case was in the nature of a security deposit, while the Deposit in this case is not a security deposit. The Court sees this as a distinction without a difference. In both cases, funds were transferred to another pursuant to an agreement, to be held by the other pending the performance of an action by the debtor.

In a case with almost identical facts as presented in this case, in Georgia Heritage Associates, LP v. Westfields Apartments, LLC (In re Westfields Apts., LLC), 2010 WL 2179622 (Bankr. S.D. Ga. 2010), the bankruptcy court concluded that funds the debtor had deposited into escrow[2] were not property of the estate because "*there were no circumstances under which the Debtor was entitled to distribution of the Funds under the Sales Contract*; the Funds were to be paid over to Georgia

---

[2] At different points in this proceeding, the Trustee has alleged that the Deposit in this case are funds being held in an escrow account, and thus title to the funds remain with the Debtor. Mobile Companies, Inc. v. American States Ins. Co., 823 S.W.2d 934 (Ky. App. 1991). However, as pointed out by the Cabinet, the requirements for an escrow account are not present here as there was never a transfer to a third person. Home Ins. Co. of New York v. Wilson, 210 Ky. 237, 275 S.W. 691 (Ky. App. 1925). Even if the Deposit had been placed in an escrow account, and the Debtor retained title, "funds that are deposited into an escrow account by a debtor, for the benefit of others, cannot be characterized as property of the estate." In re Scanlon, 239 F.3d 1195, 1198 (11th Cir. 2001) (quoting In re S.E.L. Maduro, 205 B.R. 987, 990-91 (Bankr. S.D. Fla. 1997).

8

Heritage regardless of whether the Sales Contract closed." Id. at 5 (emphasis added).  The Westfields court distinguished the cases cited by the debtor which had held that escrow funds were property of the estate because, in those cases, those debtors had a right to return of the funds upon the occurrence of a condition specified in their respective contracts. Id. at n. 7.  Because "the Funds were outside of the Debtor's control and could have been distributed only to Georgia Heritage under the Sales Contract, the Funds are not property of the estate under § 541." Id. at 5.  In this case, like the Westfields case, the Deposit was outside the Debtor's control on the petition date, there were no circumstances under which the Debtor was entitled to distribution of the Deposit under the Purchase Agreement, and, thus, the funds are not property of the estate.  See also In re O.P.M. Leasing Services, Inc., 46 B.R. 661, 668 (Bankr. S.D.N.Y. 1985) (concluding escrow funds were not property of the estate because the debtor "retained only a contingent right to the funds which was of no value to the estate because it was not an interest which a judgment creditor of OPM could reach.").

The Court will finish by addressing the Trustee's reliance on Whiting Pools from the Supreme Court.  In the Whiting Pools case, the Supreme Court held that lien creditors who had seized property prior to bankruptcy, leaving debtors with the right of redemption only, may be compelled to turn over possession of property to the estate pursuant to § 542. Whiting Pools at 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).  According to the Court: "As does all bankruptcy law, § 542(a) modifies the procedural rights available to creditors to protect and satisfy their liens." 462 U.S. at 206, 103 S.Ct. at 2314. The Court held:

> § 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings. The Bankruptcy Code provides secured creditors various rights, including the right to adequate protection, and those rights replace the protection afforded by the possession.

462 U.S. at 207, 103 S.Ct. at 2315.  Under the holding of Whiting Pools, a trustee may compel turnover of property of the estate only so long as the debtor could have obtained possession of the

9

property. Conversely, "where the debtor had no right to the property, and thus could not have obtained the property through legal process, § 542(a) will not afford the trustee a substantive right to the property." Coomer at 807. In this case, the Debtor had no right to the Deposit, and could not have obtained the Deposit through a legal process. As such, § 542 does not grant the Trustee the right to compel turnover of the Deposit.

In conclusion, under § 541(a), the Trustee's right to the Deposit held by the Cabinet is derived solely from the Debtor's interest in the deposit. The Debtor's "interest" in the Deposit does not include the right to have the Deposit returned under either the terms of the Purchase Agreement or under applicable state law. As such, the Cabinet may not be compelled to turnover the Deposit. Section 542(a) does not provide the Trustee a substantive right for the immediate possession of the security deposit held by the Cabinet.

Accordingly, based upon these findings, the Court is unable to find that, pursuant to Fed. R. Bankr. P. 7056, the Trustee is entitled to judgment as a matter of law and his Motion for Partial Summary Judgment must be denied. An Order in accordance with this Memorandum will be entered this same date.

_____
Alan C. Stout
United States Bankruptcy Judge
Dated: June 3, 2013

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| SHELBYVILLE ROAD SHOPPES, LLC ) | CASE NO. 11-30124 | |
| ) | CHAPTER 7 | |
| Debtor ) | | |

| | | |
|---|---|---|
| WILLIAM W. LAWRENCE AS ) | | |
| TRUSTEE FOR THE ESTATE OF ) | | |
| SHELBYVILLE ROAD SHOPPES, LLC ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | ADV NO.: 12-3049 | |
| ) | | |
| THE COMMONWEALTH OF ) | | |
| KENTUCKY TRANSPORTATION ) | | |
| CABINET ) | | |
| Defendant ) | | |

## ORDER

Pursuant to the Memorandum entered this same date, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the Trustee's Motion for Partial Summary Judgment be, and is hereby, **DENIED**.

It is **FURTHER ORDERED** that the Court will hold a status conference in this case on June 18, 2013 at 9:00 a.m. (EST) in Courtroom # 3 Fifth Floor, Gene Snyder U.S. Courthouse, 601 West Broadway, Louisville, Kentucky.

_/s/ Alan C. Stout_
Alan C. Stout
United States Bankruptcy Judge

Dated: June 3, 2013

11